## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

        Anthony A. Cox,

                Debtor.

Case No. 13-44261 (MER)

Chapter 7
Judge Michael E. Ridgway

## NOTICE OF HEARING AND MOTION FOR RELIEF FROM AUTOMATIC STAY

TO:    The Parties in Interest identified in Local Rule 9013-3(a)(1).

    1.      Myers Executive Building, LLC (the "Movant" and/or "Fee Owner"), by and through its legal counsel, hereby moves this Court for an order granting relief from the automatic stay to permit the Fee Owner to pursue its remedies available under state law with respect to certain residential real property occupied by the Debtor located at and commonly referred to as 1318 Emerson Avenue North, Minneapolis, MN and legally described as Lot 16, Block 23, Gale's Subdivisions in Sherburne and Beebe's Addition to Minneapolis, Hennepin County, Minnesota (the "Property").

    2.      The Court will hold a hearing on this Motion on November 21, 2013 at 2:30 p.m., or as soon thereafter as the parties may be heard, before the Honorable Michael E. Ridgway, United States Bankruptcy Judge, in Courtroom 7 West of the United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

    3.      Local Rule 9006-1(b) provides that any response to this Motion must be filed and served by delivery or by mail not later than November 18, 2013, which is five (5) days before the time set for the hearing (including Saturdays, Sundays, and holidays).  **UNLESS A**

**RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4.      This Motion arises under 11 U.S.C. § 362, Federal Rule of Bankruptcy Procedure 4001 and Local Rule 4001-1. This Motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 9013-1 through 3 and 9019-1. This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1. This is a core proceeding. Debtor filed his voluntary Petition commencing this Chapter 7 case on August 30, 2013 (the "Petition Date"). Venue of this case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### FACTUAL BACKGROUND

5.      Pursuant to a Warranty Deed dated February 6, 2007, recorded in the Office of the Hennepin County Recorder on February 7, 2007, as Document No. 8933991, the 3118 Emerson Avenue North Revocable Trust (the "Trust") became the record fee owner of real property located at 1318 Emerson Avenue North, Minneapolis, MN and legally described as Lot 16, Block 23, Gale's Subdivisions in Sherburne and Beebe's Addition to Minneapolis, Hennepin County, Minnesota (the "Property").

6.      CJC Atlanta, LLC ("CJC") is the Trustee of the Trust (herein, the "Trustee"). The Debtor is the Chief Manager of the Trustee. On information and belief, the Debtor has resided, and continues to reside, at the Property.

7.      On September 7, 2011, the Trustee, on behalf of the Trust and as stated in that Secured Promissory Note dated September 7, 2011 (the "Note"), took a $75,000.00 loan from the Movant (the "Loan"). To secure repayment of the Loan, the Trustee, on behalf of the Trust, granted the Movant a mortgage on the Property, which mortgage is dated September 7, 2011, and

2

was recorded on September 23, 2011, in the Office of the Hennepin County Recorder as Document No. A9696346 (the "Mortgage").

8.     The Movant, the Trustee, the Trust and the Debtor entered into a pre-Petition Stipulation for Writ of Recovery and Order dated July 3, 2013 (the "Stipulation for Writ of Recovery"). A true and correct copy of the Stipulation for Writ of Recovery is attached to the Affidavit of Linda Youngberg submitted herewith as **Exhibit 1**. The Stipulation for Writ of Recovery was an element of a pre-Petition Settlement Agreement and Release dated July 3, 2013, between the Movant, the Trustee, the Trust and the Debtor (the "Settlement Agreement") that is attached as Exhibit A to the Stipulation for Writ of Recovery. (Ex. 1 at Ex. A thereto.)

9.     Pursuant to the Settlement Agreement, the Movant, the Trustee, the Trust and the Debtor entered into a Voluntary Foreclosure Agreement dated July 3, 2013, recorded with the Hennepin County Recorder on July 9, 2013, as Doc. No. A09976280 (the "Voluntary Foreclosure Agreement"), a copy of which is attached as Exhibit B to the Stipulation for Writ of Recovery. (Ex. 1 at Ex. B thereto.) The Voluntary Foreclosure Agreement provides for the voluntary foreclosure of the Mortgage that encumbers the Property. (*Id.*)

10.     Pursuant to the Voluntary Foreclosure Agreement, the Property was sold to the Movant at a Sheriff's Sale conducted by the Hennepin County Sheriff on September 3, 2013. A true and correct copy of the Sheriff's Certificate of Sale dated September 3, 2013 and recorded in the Office of the Hennepin County Recorder on September 5, 2013, as Document Number A10001888 is attached to the Affidavit of Linda Youngberg submitted herewith as **Exhibit 2**.

11.     Pursuant to Minn. Stat. § 582.32 and as noted in the Voluntary Foreclosure Agreement (Ex. 1 at p. 2 of Ex. B thereto), the time allowed by law for the Trust to redeem the

3

Property from the Sheriff's Sale is two months from the date of the Sheriff's Sale. Accordingly, the redemption period expired on November 4, 2013.

12. As stated in the Stipulation for Writ of Recovery, the Movant, the Trust, the Trustee, and the Debtor stipulated and agreed that "should the Trust not redeem the Property from the Sheriff's sale conducted pursuant to the Settlement Agreement and the Voluntary Foreclosure Agreement, [Debtor], CJC and the Trustee on behalf of the Trust, shall vacate the Property on or before November 5, 2013, removing all personal property from the Property and leaving the space in good condition and that the [Movant] shall take immediate and sole possession of the Property." (Ex. 1 at 1-2.)

13. As stated in the Stipulation for Writ of Recovery, the Movant, the Trust, the Trustee, CJC and the Debtor further stipulated and agreed that "should the Trust not redeem the Property from the Sheriff's sale conducted pursuant to the Settlement Agreement, and should [Debtor], CJC and/or the Trustee on behalf of the Trust fail to vacate the Property on or before November 5, 2013, or if the Property has been vacated or abandoned prior to November 5, 2013, a Writ of Recovery shall immediately issue restoring [the Movant] to possession of the Property upon the filing of this Stipulation and an affidavit by [Movant] stating the Sheriff's sale contemplated by the Settlement Agreement has been held, that no one redeemed the Property from the Sheriff's sale and that either that [Debtor], CJC and/or the Trustee on behalf of the Trust has failed to vacate the Property by November 5, 2013 or that the Property has been abandoned." (Ex. 1 at 3.)

14. Pursuant to the Stipulation for Writ of Recovery, Trust, Trustee, CJC and the Debtor appoint Movant, through its attorneys, to appear for them in Court for the purposes of

enforcement of the Stipulation for Writ of Recovery and procurement of the Writ of Recovery identified in the Stipulation. (Ex. 1 at 2.)

15.     Pursuant to the Stipulation for Writ of Recovery, the Trust, the Trustee, CJC and the Debtor waived service of process and any notice regarding the filing of the Stipulation for Writ of Recovery with the Court and any action to procure the Writ of Recovery regarding the Property identified in the Stipulation for Writ of Recovery. (Ex. 1 at 2.) The Trust, the Trustee, CJC and the Debtor further waived any hearing, waived and released all errors which may intervene in any such proceedings, waived all rights of appeal regarding any order and judgment entered pursuant to the Stipulation for Writ of Recovery, consented to personal jurisdiction and consented to immediate execution on any writ of recovery or judgment entered pursuant to the Stipulation for Writ of Recovery. (Ex. 1 at 2-3.)

16.     As stated and affirmed by Linda Youngberg, Managing Member of the Movant, the time for the Trust to redeem the Property from the Sheriff's Sale has expired and no one has redeemed the Property. A true and correct copy of the Affidavit of the Movant required by the Stipulation for Writ of Recovery is attached to the Affidavit of Linda Youngberg submitted herewith as Exhibit 3.

17.     The Movant therefore is the Fee Owner of the Property.

18.     In violation of their obligations as stated in the Settlement Agreement (Ex. 1 at p. 4 of Ex. A thereto) and the Stipulation for Writ of Recovery (Ex. 1 at 1-2), the Debtor, CJC, the Trustee and the Trust have failed to vacate the Property on or before November 5, 2013. (Ex. 3.)

19.     The Debtor remains in possession of the Property without the consent of the Movant. The Debtor has refused to surrender the Property despite the fact that the Debtor has

DOCS-#3975944-v1

no continued interest in the Property and no right to possess the Property. The Debtor has refused to peacefully surrender and turnover access to the Property to the Movant.

## RELIEF REQUESTED

20.     Cause exists to grant the Fee Owner relief from the automatic stay under 11 U.S.C. § 362(d)(1) to permit the Fee Owner to proceed with an eviction action to evict the Debtor from the Property.

21.     The Fee Owner has title to the Property. The Debtor has no interest, equitable or otherwise, in the Property and the Property is not necessary to an effective reorganization. Cause therefore exists to permit stay relief under §§ 362(d)(1) & (d)(2) of the Bankruptcy Code.

22.     Movant therefore brings the instant motion to obtain relief from the automatic stay to regain actual possession and control of the Property and intends to do so through the commencement of an eviction action against the Debtor upon the Court's entry of the Order submitted herewith.

WHEREFORE, based on the foregoing, Myers Executive Building, LLC respectfully requests that the Court enter an order granting relief from the automatic stay imposed pursuant to 11 U.S.C. §362(a) to permit the Movant and Fee Owner to pursue all remedies available to it under state law in connection with the Property, including an eviction action against the Debtor, and such other and further relief the Court deems just and equitable.

6

DATED: November 7, 2013                    **LINDQUIST & VENNUM L.L.P.**


By:  /s/ Christopher R. Grote
Christopher R. Grote (#0267995)
Kirstin D. Kanski (#0346676)
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
(612) 371-3211 (Phone)
(612) 371-3207 (Facsimile)
cgrote@lindquist.com
kkanski@lindquist.com

*Attorneys for Myers Executive Building, LLC*

DOCS-#3975944-v1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

                                              Case No. 13-44261 (MER)

      Anthony A. Cox,

                                                  Chapter 7

                Debtor.                        Judge Michael E. Ridgway

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER**
**GRANTING RELIEF FROM AUTOMATIC STAY**

**RELIEF REQUESTED**, the Movant respectfully submits this Memorandum of Law in support of its Motion For Relief From Automatic Stay to allow the Movant to proceed with an action to evict the Debtor in the above-captioned matter out of the Property. Capitalized terms not otherwise defined herein shall have the meanings given to such terms in the motion filed in connection herewith (the "Motion").

**I.    FACTS**

The factual basis for this Memorandum is set forth in the Motion and Affidavit in Support of Motion for Relief From Stay by Linda Youngberg, Managing Member, Myers Executive Building, LLC, each of which is incorporated as though fully set forth herein.

**II.    DISCUSSION**

The automatic stay operates as a stay of any commencement of judicial process against the debtor, any act to obtain possession of property of the estate, and any act to collect or recover a claim against the debtor that arose before the commencement of the case. 11 U.S.C. § 362(a)(1), (a)(3) & (a)(6). On request from a party in interest and after notice and a hearing, the

court shall grant relief from the stay for cause, 11 U.S.C. § 362(d)(1), or if the debtor does not have an equity interest in property of the estate and such property is not necessary to an effective reorganization, 11 U.S.C. § 362(d)(2).

The Bankruptcy Code neither defines nor limits the term "cause" as used in § 362(d)(1). The term is an intentionally broad and flexible concept, made so in order to permit the courts to respond in equity to inherently fact-sensitive situations. *In re Scheierl*, 176, B.R. 498, 506 (Bankr. D. Minn. 1995) ("the risks that must be gauged for adequate protection analysis have their origin in economic or physical fact: such factors as ongoing wear and tear on tangible collateral, the profitability of a debtor's post-petition business operations, and the likelihood of loss from fire, theft, or other casualty all spring from external forces in the "real world.");  *In re Sentry Park, Ltd.*, 87 B.R. 427, 430 (Bankr. W.D. Tex. 1988).  The debtor, or party opposing relief, bears the ultimate burden of persuasion or risk of nonpersuasion once a movant makes an initial showing of a right to the relief requested under the statute.  11 U.S.C. § 362(g).  Paragraph (d)(2) of the statute further permits the grant of relief if the debtor has no equity in the property and the property is not necessary for an "effective" reorganization that is in process.  11 U.S.C. § 362(d)(2).

Pursuant to § 362(d)(1) of the Bankruptcy Code, relief from the stay is appropriate in this case for cause.  The Debtor has no interest in the Property, let alone any equitable interest in the Property.  Because the period of redemption from the voluntary foreclosure has passed, the movant is the Fee Owner of the Property by operation of law.  Pursuant to the Stipulation for Writ of Recovery and the Settlement Agreement, the Debtor agreed to vacate the Property by November 5, 2013.  Neither the Debtor nor the Trust have turned the Property over to the Movant.  Consequently, the Movant cannot protect its interest in the Property without relief

2

from the automatic stay allowing the Movant to proceed with an eviction action against the Debtor in State Court pursuant to the Stipulation for Writ of Recovery and applicable State law. The Movant is not therefore adequately protected and cause exists to lift the automatic stay to allow eviction of the Debtor from the Property.

The Movant is further entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(2) because the Debtor has no equity in the Property and the Property is not necessary to an effective reorganization. The Debtor does not own the Property or any portion thereof and has no lawful interest in the Property. Indeed, the Movant acquired title to the Property pursuant to the voluntary foreclosure of the Mortgage against the Property given to the Movant by the Trust. (Ex. 1 at Ex. A thereto.)

## III.   CONCLUSION

Myers Executive Building, LLC respectfully requests that the Court enter an order granting relief from the automatic stay imposed pursuant to 11 U.S.C. §362(a) (or alternatively holding that the provisions of the automatic stay do not apply) in order to permit it to pursue all remedies available to it under state law in connection with the Property to obtain possession and control over the Property and granting such other and further relief the Court deems just and equitable.

DOCS-#3975944-v1

DATED: November 7, 2013

**LINDQUIST & VENNUM L.L.P.**

By: /s/ Christopher R. Grote
Christopher R. Grote (#0267995)
Kirstin D. Kanski (#0346676)
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
(612) 371-3211 (Phone)
(612) 371-3207 (Facsimile)
cgrote@lindquist.com
kkanski@lindquist.com

*Attorneys for Myers Executive Building, LLC*

4

In re:

    Anthony A. Cox,

                Debtor.

Case No. 13-44261 (MER)

Chapter 7
Judge Michael E. Ridgway

## AFFIDAVIT IN SUPPORT OF MOTION FOR RELIEF FROM STAY

I, Linda Youngberg, Managing Member, Myers Executive Building, LLC, (the "Fee Owner" and "Movant"), state the following:

1.    I am a duly authorized representative and the managing member of the Movant Myers Executive Building, LLC, and hereby make this affidavit in such capacity.

2.    I have personal knowledge of Movant's ownership of the Property and Debtor's continued occupation of the Property without Movant's consent. As to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant and public records of the Hennepin County Recorder's Office.

3.    Pursuant to a Warranty Deed dated February 6, 2007, recorded in the Office of the Hennepin County Recorder on February 7, 2007, as Document No. 8933991, the 3118 Emerson Avenue North Revocable Trust (the "Trust") became the record fee owner of real property located at 1318 Emerson Avenue North, Minneapolis, MN and legally described as Lot 16, Block 23, Gale's Subdivisions in Sherburne and Beebe's Addition to Minneapolis, Hennepin County, Minnesota (the "Property").

4.    CJC Atlanta, LLC ("CJC") is the Trustee of the Trust (herein, the "Trustee"). The Debtor is the Chief Manager of the Trustee.

5.    The Debtor has resided, and on information and belief continues to reside, at the Property.

6.    On September 7, 2011, the Trustee, on behalf of the Trust and as stated in that Secured Promissory Note dated September 7, 2011 (the "Note"), took a $75,000.00 loan from the Movant (the "Loan"). To secure repayment of the Loan, the Trustee, on behalf of the Trust, granted the Movant a mortgage on the Property, which mortgage

is dated September 7, 2011, and was recorded on September 23, 2011, in the Office of the Hennepin County Recorder as Document No. A9696346 (the "Mortgage").

7.  The Movant, the Trustee, the Trust and the Debtor entered into a pre-Petition Stipulation for Writ of Recovery and Order dated July 3, 2013 (the "Stipulation for Writ of Recovery"). A true and correct copy of the Stipulation for Writ of Recovery is attached hereto as **Exhibit 1**. The Movant, the Trustee, the Trust and the Debtor further entered into a pre-Petition Settlement Agreement and Release dated July 3, 2013 (the "Settlement Agreement") that is attached as Exhibit A to the Stipulation for Writ of Recovery. (Ex. 1 at Ex. A thereto.)

8.  Pursuant to the Settlement Agreement, the Movant, the Trustee, the Trust and the Debtor entered into a Voluntary Foreclosure Agreement dated July 3, 2013, recorded with the Hennepin County Recorder on July 9, 2013, as Doc. No. A09976280 (the "Voluntary Foreclosure Agreement"), a copy of which is attached as Exhibit B to the Stipulation for Writ of Recovery. (Ex. 1 at Ex. B thereto.) The Voluntary Foreclosure Agreement provides for the voluntary foreclosure of the Mortgage that encumbers the Property. (*Id.*)

9.  Pursuant to the Voluntary Foreclosure Agreement, the Property was sold to the Movant at a Sheriff's Sale conducted by the Hennepin County Sheriff on September 3, 2013. A true and correct copy of the Sheriff's Certificate of Sale dated September 3, 2013 and recorded in the Office of the Hennepin County Recorder on September 5, 2013, as Document Number A10001888 is attached hereto as **Exhibit 2**.

10. Pursuant to Minn. Stat. § 582.32 and as noted in the Voluntary Foreclosure Agreement (Ex. 1 at p. 2 of Ex. B thereto), the time allowed by law for the Trust to redeem the Property from the Sheriff's Sale is two months from the date of the Sheriff's Sale. Accordingly, the redemption period expired on November 4, 2013.

11. As stated in the Stipulation for Writ of Recovery, the Movant, the Trust, the Trustee, CJC and the Debtor stipulated and agreed that "should the Trust not redeem the Property from the Sheriff's sale conducted pursuant to the Settlement Agreement and the Voluntary Foreclosure Agreement, [Debtor], CJC and the Trustee on behalf of the Trust, shall vacate the Property on or before November 5, 2013, removing all personal property from the Property and leaving the space in good condition and that the Movant shall take immediate and sole possession of the Property." (Ex. 1 at 1-2.)

12. As stated in the Stipulation for Writ of Recovery, the Movant, the Trust, the Trustee, CJC and the Debtor further stipulated and agreed that "should the Trust not redeem the Property from the Sheriff's sale conducted pursuant to the Settlement Agreement, and should [Debtor], CJC and/or the Trustee on behalf of the Trust fail to vacate the Property on or before November 5, 2013, or if the Property has been vacated or abandoned prior to November 5, 2013, a Writ of Recovery shall immediately issue restoring the Movant to possession of the Property upon the filing of this Stipulation

2

and an affidavit by the Movant stating the Sheriff's sale contemplated by the Settlement Agreement has been held, that no one redeemed the Property from the Sheriff's sale and that either that [Debtor], CJC and/or the Trustee on behalf of the Trust has failed to vacate the Property by November 5, 2013 or that the Property has been abandoned." (Ex. 1 at 3.)

13. Pursuant to the Stipulation for Writ of Recovery, the Trust, the Trustee, CJC and the Debtor appointed the Movant, through its attorneys, to appear for them in Court for the purposes of enforcement of the Stipulation for Writ of Recovery and procurement of the Writ of Recovery identified in the Stipulation. (Ex. 1 at 2.)

14. Pursuant to the Stipulation for Writ of Recovery, the Trust, the Trustee, CJC and the Debtor waived service of process and any notice regarding the filing of the Stipulation for Writ of Recovery with the Court and any action to procure the Writ of Recovery regarding the Property identified in the Stipulation for Writ of Recovery. (Ex. 1 at 2.) The Trust, the Trustee, CJC and the Debtor further waived any hearing, waived and released all errors which may intervene in any such proceedings, waived all rights of appeal regarding any order and judgment entered pursuant to the Stipulation for Writ of Recovery, consented to personal jurisdiction and consented to immediate execution on any writ of recovery or judgment entered pursuant to the Stipulation for Writ of Recovery. (Ex. 1 at 2-3.)

15. As stated and affirmed by the undersigned pursuant to the Stipulation for Writ of Recovery, attached hereto as **Exhibit 3** is an Affidavit by the undersigned confirming that the time for the Trust to redeem the Property from the Sheriff's Sale has expired and no one redeemed the Property.

16. In violation of their obligations as stated in the Settlement Agreement (Ex. 1 at p. 4 of Ex. A thereto) and the Stipulation for Writ of Recovery (Ex. 1 at 1-2), the Debtor, CJC, the Trustee and the Trust have failed to vacate the Property on or before November 5, 2013. (Ex. 3.)

17. The Debtor remains in possession of the Property without the consent of the Movant.

18. The Debtor has refused to surrender the Property despite the fact that the Debtor has no continued interest in the Property and no right to possess the Property.

19. The Debtor has refused to peacefully surrender and turnover access to the Property to the Movant.

DOCS-#3975988-V1

FURTHER AFFIANT SAYETH NAUGHT.

STATE OF WASHINGTON

COUNTY OF PIERCE

By: _____
Managing Member
Myers Executive Building, LLC


Subscribed and sworn to before me
this 7th day of November 2013.

_____
Notary Public

CRYSTAL VORE
NOTARY PUBLIC
STATE OF IDAHO

| | |
|---|---|
| Myers Executive Building, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> CJC Atlanta, LLC as Trustee for the 1318 Emerson Avenue North Revocable Trust, <br><br> Defendant. | Court File No. _____ <br><br><br> **STIPULATION FOR WRIT OF RECOVERY AND ORDER** |

Myers Executive Building, LLC ("Myers"), CJC Atlanta, LLC ("CJC" and "Trustee"), 1318 Emerson Avenue North Revocable Trust ("Trust") and Anthony A. Cox ("Cox") stipulate and agree as follows:

**WHEREAS**, the parties hereto have entered a Settlement Agreement and Release dated July 3rd 2013 (the "Settlement Agreement") a true and correct copy of which, without exhibits, is attached hereto as Exhibit A.

**WHEREAS**, pursuant to the Settlement Agreement, the parties hereto entered into a Voluntary Foreclosure Agreement (the "Voluntary Foreclosure Agreement"), a true and correct copy of which is attached hereto as Exhibit B, regarding the real property located at 1318 Emerson Avenue North, Minneapolis, MN and legally described as Lot 16, Block 23, Gale's Subdivisions in Sherburne and Beebe's Addition to Minneapolis, Hennepin County, Minnesota (the "Property").

**WHEREAS**, pursuant to the Settlement Agreement, Cox, CJC and the Trustee on behalf of the Trust stipulated and agreed that should the Trust not redeem the Property from the Sheriff's sale conducted pursuant to the Settlement Agreement and the Voluntar

1

**Exhibit 1**

Agreement, Cox, CJC and the Trustee on behalf of the Trust, shall vacate the Property on or before November 5, 2013, removing all personal property from the Property and leaving the space in good condition and that Myers shall take immediate and sole possession of the Property.

**WHEREAS**, pursuant to the Settlement Agreement, Cox, CJC and the Trustee on behalf of the Trust stipulated and agreed that should the Trust not redeem the Property from the Sheriff's sale conducted pursuant to the Settlement Agreement, and should any of all of them fail to vacate the Property on or before November 5, 2013, or if the Property has been vacated or abandoned prior to November 5, 2013, a Writ of Recovery shall immediately issue restoring Myers to possession of the Property upon the filing of an affidavit by Myers stating the Sheriff's sale contemplated by the Settlement Agreement has been held, that no one redeemed the Property from the Sheriff's sale and that either that Cox, CJC and/or the Trustee on behalf of the Trust has failed to vacate the Property by November 5, 2013 or that the Property has been abandoned.

**NOW THEREFORE**, Myers, Cox, CJC and the Trustee on behalf of the Trust stipulate and agree as follows:

1.    That the recitals above are by this reference stipulated by the parties as true and are incorporated into the body of this Stipulation.

2.    That Cox, CJC and the Trustee on behalf of the Trust appoint Myers, through its attorneys, to appear for them in Court, only for the purposes of this Stipulation and procuring the writ of restitution identified herein.

3.    That Cox, CJC and the Trustee on behalf of the Trust specifically waive the issuance of service of process, waives any notice regarding the filing of this Stipulation with the Court, waives any hearing, waives and releases all errors which may intervene in any such proceedings, waives all rights of appeal regarding any order and judgment entered pursuant to

this Stipulation, consents to personal jurisdiction and consents to immediate execution on any writ of possession or judgment entered pursuant to this Stipulation.

4.     That should the Trust not redeem the Property from the Sheriff's sale conducted pursuant to the Settlement Agreement, and should Cox, CJC and/or the Trustee on behalf of the Trust fail to vacate the Property on or before November 5, 2013, or if the Property has been vacated or abandoned prior to November 5, 2013, a Writ of Recovery shall immediately issue restoring Myers to possession of the Property upon the filing of this Stipulation and an affidavit by Myers stating the Sheriff's sale contemplated by the Settlement Agreement has been held, that no one redeemed the Property from the Sheriff's sale and that either that Cox, CJC and/or the Trustee on behalf of the Trust has failed to vacate the Property by November 5, 2013 or that the Property has been abandoned.

Dated: July 3rd, 2013

1318    EMERSON    AVENUE    NORTH
REVOCABLE TRUST

By: CJC Atlanta, LLC, a Georgia Limited Liability
Company, Trustee of the 1318 Emerson Avenue
North Revocable Trust

By: _Anthony A. Cox, CJC Atlanta LLC_
Anthony A. Cox
Chief Manager, CJC Atlanta, LLC


STATE OF MINNESOTA          )
                           ) ss.
COUNTY OF HENNEPIN          )

The foregoing instrument was acknowledged before me this 3rd day of July, 2013, by Anthony
A. Cox as Chief Manager of CJC Atlanta, LLC, a Georgia Limited Liability Company, Trustee
for the 1318 Emerson Avenue North Revocable Trust, on behalf of the Trust.

NOTARIAL STAMP OR SEAL

CONNIE A. BARTHEL
Notary Public
State of Minnesota
My Commission Expires
January 31, 2015

_Connie a Barthel_
(Signature of notarial officer)
Title (and Rank): _Notary Public_
My commission expires: _Jan. 31, 2015_

Dated: July 3rd, 2013

CJC ATLANTA, LLC

By: _Anthony A. Cox CJC AtlantALLC_
     Anthony X. Cox
     Chief Manager, CJC Atlanta, LLC

STATE OF MINNESOTA    )
                     ) ss.
COUNTY OF HENNEPIN    )

The foregoing instrument was acknowledged before me this 3rd day of July, 2013, by Anthony A. Cox as Chief Manager, CJC ATLANTA, LLC, a Georgia limited liability company, on behalf of the company.

| NOTARIAL STAMP OR SEAL |
| --- |
|  CONNIE A. BARTHEL<br>Notary Public<br>State of Minnesota<br>My Commission Expires<br>January 31, 2015 |

_Connie a Barthel_
(Signature of notarial officer)
Title (and Rank): _Notary Public_
My commission expires: _Jan. 31, 2015_

Dated: July 3rd, 2013

ANTHONY A. COX

*Anthony A. Cox*

STATE OF MINNESOTA )
                        ) ss.

COUNTY OF HENNEPIN )

The foregoing instrument was acknowledged before me this 3rd day of July, 2013 by Anthony A. Cox.

NOTARIAL STAMP OR SEAL

CONNIE A. BARTHEL
Notary Public
State of Minnesota
My Commission Expires
January 31, 2015

*Connie a Barthel*
(Signature of notarial officer)
Title (and Rank): Notary Public
My commission expires: Jan. 31, 2015

Dated: July 3, 2013

MYERS EXECUTIVE BUILDING, LLC

By: _Linda Youngberg, Managing Member_
       Linda Youngberg, Managing Member


STATE OF WASHINGTON    )
                           ) ss.
COUNTY OF _Pierce_      )
This instrument was acknowledged before me this _3rd_ day of July, 2013, by Linda Youngberg as Managing Member of **MYERS EXECUTIVE BUILDING, LLC**, a Washington Limited Liability Company, on behalf of the company.

NOTARIAL STAMP OR SEAL

(Signature of notarial officer)
Title (and Rank): _NOTARY_
My commission expires: _3-7-2017_

## ORDER

Based on the foregoing Stipulation and the accompanying affidavit filed by Myers as identified herein, it is the Order of the Court that:

1.     Judgment shall be entered for the Myers and a Writ of Recovery shall issue immediately directing that the Sheriff of Hennepin County shall take possession of the Property and immediately turn over possession of the Property to Myers.

*LET JUDGMENT BE ENTERED ACCORDINGLY*

RECOMMENDED BY:                    BY THE COURT:

_____              _____
Referee                   Date        Judge of District Court       Date

I HEREBY CERTIFY THAT THE ABOVE ORDER CONSTITUTES THE ENTRY OF JUDGMENT OF THIS COURT

BY_____    DATED_____2013
    Deputy
        (Seal)

## SETTLEMENT AGREEMENT AND RELEASE

AGREEMENT made this 3rd day of July, 2013, by and between Myers Executive Building, LLC ("Myers"), Private Money Exchange, LLC, a division of Secured Investment Corp. ("PME"), FCI Lender Services, Inc. ("FCI"), Anthony A. Cox ("Cox"), 1318 Emerson Avenue North Revocable Trust ("Trust"), and CJC Atlanta, LLC ("CJC" and/or "Trustee") individually and as Trustee of the Trust.

WHEREAS, pursuant to that Warranty Deed dated February 6, 2007 and recorded in the Office of the County Recorder, Hennepin County, Minnesota on February 7, 2007 as Document No. 8933991, the Trust is the record fee owner of real property located at 1318 Emerson Avenue North, Minneapolis, MN and legally described as Lot 16, Block 23, Gale's Subdivisions in Sherburne and Beebe's Addition to Minneapolis, Hennepin County, Minnesota (the "Property").

WHEREAS, on September 7, 2011, Trustee, on behalf of the Trust and as stated in that Secured Promissory Note dated September 7, 2011 (a true and correct copy of which is attached hereto as **Exhibit A**) (the "Loan" and the "Note"), took a $75,000.00 loan from Myers, which loan was arranged by PME.

WHEREAS, to secure the loan identified in the Note, Trustee, on behalf of the Trust, provided Myers with a mortgage on the Property, which mortgage is dated September 7, 2011 and was recorded on September 23, 2011 in the Office of the County Recorder, Hennepin County, Minnesota as Document No. A9696346 (the "Mortgage").

WHEREAS, the Loan was serviced by FCI.

WHEREAS, the Loan is in default, the Loan has been in default for more than 30 days as of the date of this Agreement, Trustee on behalf of the Trust has received notice of default and demand for payment and the Loan remains in default.

**Exhibit A**

**WHEREAS,** in that action entitled *Anthony A. Cox, et al., v. Myers Executive Building, LLC, et al.,* United States District Court, District of Minnesota, Court File No. 13-CV-00554, Cox, the Trustee and the Trust asserted various claims against Myers, PME and FCI based on alleged violations of State and Federal law related to the Loan and the Mortgage (the "Lawsuit").

**WHEREAS,** Myers, PME and FCI each and all deny the claims made against them by Cox, the Trustee and the Trust and Myers, PME and FCI have filed a motion to dismiss seeking the dismissal of the Lawsuit.

**WHEREAS,** Myers filed an action seeking an order of foreclosure of the Mortgage against the Property in the District Court, Hennepin County, Minnesota entitled *Myers Executive Building, LLC v. CJC Atlanta, LLC as Trustee for the 1318 Emerson Avenue North Revocable Trust, et al.,* Hennepin County District Court File No. 27-CV-13-9739 (the "Foreclosure Lawsuit").

**WHEREAS,** none of the defendants in the Foreclosure Lawsuit have answered or otherwise responded to the complaint in the Foreclosure Lawsuit.

**WHEREAS,** to avoid the costs, fees, expenses, risk and inconvenience attendant to further protracted litigation and the trial of the Lawsuit and the Foreclosure Lawsuit, the parties hereto have decided to settle the Lawsuit and the Foreclosure Lawsuit as stated herein.

**NOW, THEREFORE,** in consideration of the above, which recitals are by this reference specifically agreed to by the parties, stipulated by the parties to be true and are hereby incorporated into the body of this Agreement, and the terms and covenants set forth below, the parties stipulate and agree as follows:

2

1.    **Payment by Cox, CJC and the Trust to Myers.**   Cox, CJC and the Trust shall pay to Myers the sum of $66,837.53 by certified check, prior to September 1, 2013 (the "Settlement Funds").

2.    **Loan pay-off letter**.   Myers shall provide the Trustee, as Trustee of the Trust, a letter, effective until September 1, 2013, stating that the amount necessary to pay off the Loan is $66,837.53 (the "Pay-Off Letter").   The Pay-Off Letter shall be in the form attached hereto as **Exhibit B.**

3.    <u>Satisfaction of the Mortgage and Note on timely payment of the Settlement</u> <u>Funds</u>.   Should Myers receive the Settlement Funds prior to September 1, 2013, it will provide Trustee a satisfaction of the Mortgage and the Note.

4.    **Quit-claim deed**.   Contemporaneously with the execution of this Agreement, CJC shall execute and provide to Myers a quit claim deed regarding the Property in the form attached hereto as **Exhibit C** wherein CJC quit claims any interest in the Property it might have to the Trustee on behalf of the Trust.

5.    **Voluntary foreclosure by advertisement.**   Contemporaneously with the execution of this Agreement, Cox, CJC and Trustee, on behalf of the Trust, shall execute the Agreement for Voluntary Foreclosure Pursuant to Minn. Stat. § 582.32 of the Mortgage against the Property, and attendant documents necessary to effectuate the foreclosure, in the form attached hereto as **Exhibit D** (the "Voluntary Foreclosure Agreement").   The Voluntary Foreclosure Agreement shall be recorded against the Property within 7 days of the date of the execution of Agreement and the Voluntary Foreclosure Agreement.

3

6. **Sheriff's sale of the Property.** A Sheriff's sale of the Property shall be scheduled by Myers to take place on September 1, 2013. Myers shall publish timely notice of the Sheriff's sale.

7. **Two-month redemption period.** Pursuant to the Voluntary Foreclosure Agreement and Minn. Stat. § 582.32, the redemption period for CJC as Trustee of the Trust to redeem the Property on behalf of the Trust shall be two months from the date of the Sheriff's sale.

8. **Redemption price.** From the date of the September 1, 2013 Sheriff's sale, through the end of the two month redemption period, Myers agrees to accept from CJC as Trustee of the Trust the sum of $66,837.53 to redeem the Property from the Sheriff's sale.

9. **Turn-over of the Property and Stipulation for Writ of Recovery.** Cox, CJC and the Trustee on behalf of the Trust agree that they shall turn over the Property to Myers on or before November 5, 2013 should the Trust not redeem the Property from the Sheriff's sale. Contemporaneously with the execution of this Agreement, the parties hereto shall execute a Stipulation for Writ of Recovery with a recovery date of November 5, 2013 in the form attached hereto as **Exhibit E** (the "Writ of Recovery"). The executed Writ of Recovery shall be held by Myers and Myers shall be allowed to use or record the Writ of Recovery as it deems necessary to allow it to take sole and complete possession of the Property on November 5, 2013, should the Trust not redeem the Property from the Sheriff's sale, or such earlier date after the Sheriff's sale as deemed necessary by Myers and/or allowed by law should the Property be vacated or abandoned.

4

10. **Default on the Loan and Note**. The parties hereby stipulate and agree that the Loan has been in default for more than 30 days as of the date of this Agreement and that CJC as Trustee of the Trust has received notice of default and demand for payment.

11. **Non-homestead and no agricultural use**. Cox, CJC and the Trust stipulate and agree that no part of the Property is classified as a homestead under Minn. Stat. § 273.124 and no part of the Property is in agricultural use as defined in Minn. Stat. § 40A.02, subd. 3 as of the date of this Agreement.

12. **Dismissal of the Foreclosure Lawsuit**. Within 5 days of the execution of this Agreement and attached Exhibits, Myers shall cause its counsel to execute and file a dismissal of the Foreclosure Action without prejudice in the form attached hereto as **Exhibit F.**

13. **Dismissal of the Lawsuit**. Within 5 days of the execution of this Agreement and attached Exhibits, the parties shall cause their counsel to execute and file with the Court a Stipulation for Dismissal of the Lawsuit with prejudice and without costs, disbursements or attorney's fees to any party in the form attached hereto as **Exhibit G.**

14. **No reporting of Cox to any credit reporting agency** Myers, PME and FCI each agree that they will not make a report to any credit reporting agency regarding Cox and referring or relating to the Loan, the Note, the Mortgage, the Lawsuit or the Foreclosure Lawsuit.

15. **Release by Cox, CJC, Trustee and the Trust**. Cox, CJC, Trustee and the Trust, on behalf of themselves and all owners, officers, directors, members, general partners, limited partners, employees, agents, successors, predecessors, parent and subsidiary companies, agents, heirs, executors, estates and assigns thereof, hereby releases and forever discharges Myers, PME and FCI, and their owners, officers, directors, members, general partners, limited partners, employees, agents, successors, predecessors, parent and subsidiary companies, agents, heirs,

5

executors, estates and assigns, from any and all claims, causes of action, liabilities, assertion of rights for damages or other relief of whatever kind or nature, including, but not limited to compensatory, consequential, or punitive damages, costs, loss, expense, derivative claims, express and implied warranty claims, claims for subrogation, claims for attorney's fees, claims in equity, and all other claims for compensation whatsoever, including, without limitation, those that were or could have been asserted in the Lawsuit. Specifically excepted from this release are the duties, rights and obligations created, affirmed or agreed to by or in this Agreement and the executed Exhibits hereto.

16. **Release by Myers, PME and FCI**. Myers, PME and FCI, on behalf of themselves and all owners, officers, directors, members, general partners, limited partners, employees, agents, successors, predecessors, parent and subsidiary companies, agents, heirs, executors, estates and assigns thereof, hereby releases and forever discharges Cox, CJC, Trustee and the Trust, and their owners, officers, directors, members, general partners, limited partners, employees, agents, successors, predecessors, parent and subsidiary companies, agents, heirs, executors, estates and assigns, from any and all claims, causes of action, liabilities, assertion of rights for damages or other relief of whatever kind or nature, including, but not limited to compensatory, consequential, or punitive damages, costs, loss, expense, derivative claims, express and implied warranty claims, claims for subrogation, claims for attorney's fees, claims in equity, and all other claims for compensation whatsoever, including, without limitation, those that were or could have been asserted in the Lawsuit. Specifically excepted from this release are the duties, rights and obligations created, affirmed or agreed to by or in this Agreement and the executed Exhibits hereto and any claim for possession or conversion of or waste or damage to the Property.

6

17. **Additional documents necessary to effectuate this agreement or complete the voluntary foreclosure and further cooperation.** Cox, CJC, Trustee and the Trust agree to reasonably cooperate to provide information and/or to prepare, execute and/or file in a timely fashion any and all such other and further documents reasonably necessary to effectuate the provisions of this Agreement, to complete the voluntary foreclosure and/or to provide Myers with clear and marketable title to the Property upon the completion of the voluntary foreclosure.

18. **Voluntary Agreement.** The parties have been represented by counsel in connection with the negotiation and drafting of this Agreement. Each party has read this Agreement and understands the terms hereof. Furthermore, each party is voluntarily entering into this Agreement. This Agreement is the result of negotiation and compromise by the parties and it shall not be interpreted against the party originally drafting this Agreement.

19. **Authority to Enter this Settlement Agreement and Release.** The parties hereto represent and warrant that they have the authority to enter this agreement in both their personal and representative capacities as identified herein.

20. **Entire Agreement.** This Agreement represents the entire understanding of the parties with respect to its subject matter and incorporates all prior negotiations, discussions, and understandings. No supplementation, modification, or other changes to this Agreement shall be enforceable unless contained in a writing signed by all parties hereto.

21. **Choice of law.** This Agreement and the rights and obligations hereunder shall be construed in accordance with the laws of the State of Minnesota, without regard to choice of law principles. This Agreement shall be deemed to have been signed, delivered and made entirely in the State of Minnesota. Any action for the enforcement of this Agreement or which is in any fashion related to any aspect of this contract or the parties' relationship, whether or not arising

7

out of this contract, shall be exclusively venued in the courts of the State of Minnesota or the United Stated Federal Court for the District of Minnesota.

22. **Counterparts and faxed or emailed signatures**. This Agreement and its Exhibits may be executed in any number of counterparts, all of which when taken together shall constitute one and the same instrument. A faxed or e-mailed version of the executed Agreement shall be sufficient to bind a party.

**This portion intentionally left blank.**

8

IN WITNESS WHEREOF, we have set our hands, intending to be bound hereby.

ANTHONY A. COX

*Anthony A. Cox*

**1318 EMERSON AVENUE NORTH REVOCABLE TRUST**

By: CJC Atlanta, LLC, a Georgia Limited Liability Company, Trustee of the 1318 Emerson Avenue North Revocable Trust

By: *Anthony A. Cox - Chief Manager CJC Atlanta-LLC*
     Anthony A. Cox,
     Chief Manager, CJC Atlanta, LLC

**CJC ATLANTA, LLC**

By: *Anthony A. Cox Chief Manager*
     Anthony A. Cox, Chief Manager

**MYERS EXECUTIVE BUILDING, LLC**

By: _____
     Linda Youngberg, Managing Member

**PRIVATE MONEY EXCHANGE, LLC, a division of SECURED INVESTMENT CORP.**

By: _____
     Jaclyn C. Olson, CFO

**FCI LENDER SERVICES, INC.**

By: _____
     Teri Snyder, Senior Executive Vice President

9

IN WITNESS WHEREOF, we have set our hands, intending to be bound hereby.

ANTHONY A. COX

_____

**1318 EMERSON AVENUE NORTH REVOCABLE TRUST**

By: CJC Atlanta, LLC, a Georgia Limited Liability Company, Trustee of the 1318 Emerson Avenue North Revocable Trust

By: _____
        Anthony A. Cox,
        Its: Chief Manager,

**CJC ATLANTA, LLC**

By: _____
      Anthony A. Cox, Chief Manager

**MYERS EXECUTIVE BUILDING, LLC**

By: _____
      Linda Youngberg, Managing Member

**PRIVATE MONEY EXCHANGE, LLC, a division of SECURED INVESTMENT CORP.**

By: _____
      Jaclyn C. Olson, CFO

**FCI LENDER SERVICES, INC.**

By: _____
      Teri Snyder, Senior Executive Vice President

9

**IN WITNESS WHEREOF**, we have set our hands, intending to be bound hereby.

ANTHONY A. COX

_____

1318 EMERSON AVENUE NORTH REVOCABLE TRUST

By: CJC Atlanta, LLC, a Georgia Limited Liability Company, Trustee of the 1318 Emerson Avenue North Revocable Trust

By: _____
      Anthony A. Cox,
      Its: Chief Manager,

CJC ATLANTA, LLC

By: _____
      Anthony A. Cox, Chief Manager

MYERS EXECUTIVE BUILDING, LLC

By: _____
      Linda Youngberg, Managing Member

PRIVATE MONEY EXCHANGE, LLC, a division of SECURED INVESTMENT CORP.

By: _____
      Jaclyn C. Olson, CFO

FCI LENDER SERVICES, INC.

By: _____
      Teri Snyder, Senior Executive Vice President

9

IN WITNESS WHEREOF, we have set our hands, intending to be bound hereby.

ANTHONY A. COX

_____

## 1318 EMERSON AVENUE NORTH REVOCABLE TRUST

By: CJC Atlanta, LLC, a Georgia Limited Liability Company, Trustee of the 1318 Emerson Avenue North Revocable Trust

By: _____
        Anthony A. Cox,
        Its: Chief Manager,

## CJC ATLANTA, LLC

By: _____
        Anthony A. Cox, Chief Manager

## MYERS EXECUTIVE BUILDING, LLC

By: _____
        Linda Youngberg, Managing Member

## PRIVATE MONEY EXCHANGE, LLC, a division of SECURED INVESTMENT CORP.

By: _____
        Jaclyn C. Olson, CFO

## FCI LENDER SERVICES, INC.

By: _____
        Teri Snyder, Senior Executive Vice President

9



Doc No A09976280

Certified, filed and/or recorded on
Jul 9, 2013 10:27 AM
Office of the County Recorder
Hennepin County, Minnesota
Martin McCormick, County Recorder
Mark V. Chapin, County Auditor and Treasurer

Deputy 33                          Pkg ID 998022C

Doc Name: Voluntary Foreclosure Agreement

| | |
|---|---|
| Document Recording Fee | $46.00 |
| Attested Copy or Duplicate Original | $2.00 |
| **Document Total** | **$48.00** |

This cover sheet is now a permanent part of the recorded document.

**Exhibit B**

## VOLUNTARY FORECLOSURE AGREEMENT

THIS VOLUNTARY FORECLOSURE AGREEMENT (the "Agreement") made effective this 3ʳᵈ day of July, 2013, by and between **CJC ATLANTA, LLC**, a Georgia Limited Liability Company ("**CJC**") and "**Trustee**""), for itself and as Trustee of the **1318 EMERSON AVENUE NORTH REVOCABLE TRUST** (the "**Trust**"), on behalf of the Trust ("**Mortgagor**") and **MYERS EXECUTIVE BUILDING, LLC**, a Washington Limited Liability Company ("**Myers**" and "**Mortgagee**") .

## RECITALS

A.     Pursuant to that Warranty Deed dated February 6, 2007 and recorded in the Office of the County Recorder, Hennepin County, Minnesota on February 7, 2007 as Document No. 8933991, the Trust is the record fee owner of real property located at 1318 Emerson Avenue North, Minneapolis, MN and legally described as:

Lot 16, Block 23, Gale's Subdivisions in Sherburne and Beebe's Addition to Minneapolis, Hennepin County, Minnesota

(the "Property").

B.     On September 7, 2011, Trustee, on behalf of the Trust and as stated in that Secured Promissory Note dated September 7, 2011 (the "**Loan**" and the "**Note**"), took a $75,000.00 loan from Myers.

1

C. To secure the loan identified in the Note, Trustee, on behalf of the Trust, provided Myers with a mortgage on the Property, which mortgage is dated September 7, 2011 and was recorded on September 23, 2011 in the Office of the County Recorder, Hennepin County, Minnesota as Document No. A9696346 (the "Mortgage").

D. Loan is in default, the Loan has been in default for more than one month as of the date of this Agreement, Trustee on behalf of the Trust has received notice of default and demand for payment, and the Loan remains in default.

E. The parties hereto have agreed that the Mortgage shall be voluntarily foreclosed pursuant to Minn. Stat. § 582.32 and subject to the terms and conditions contained herein.

NOW, THEREFORE, CJC, Trustee on behalf of the Trust and Myers hereby agree as follows:

1. <u>Recitals</u>. The recitals set forth above are true and correct and are incorporated herein by this reference.

2. <u>Default</u>. Default has occurred and is continuing under the Mortgage and the Note, and has existed for at least one (1) month as of the date hereof.

3. <u>Voluntary Foreclosure</u>. Mortgagor and Mortgagee have agreed that the Mortgage shall be voluntarily foreclosed pursuant to Minn. Stat. § 582.32 with Mortgagor's redemption period reduced to two months as provided in Section 582.32.

4. <u>Mortgagee Waiver</u>. Mortgagee waives any rights to a deficiency or other claim for personal liability against Mortgagor arising from the mortgage or the debt secured by the mortgage. This does not preclude an agreement between Mortgagor and Mortgagee to a payment to Mortgagee as part of the voluntary foreclosure, or collection from a guarantor.

5. <u>Mortgagor Waiver</u>. Mortgagor waives its right to surplus sale proceeds, to contest foreclosure, and to rents and occupancy during the period from the date of agreement through the redemption period.

6. <u>Mortgagor Consent</u>. Mortgagor consents to the appointment of a receiver for, or grants Mortgagee possession of, the real estate and all rights of possession of the real estate, including, but not limited to operating, maintaining, and protecting the real estate, and the making of any additions or betterments to the real estate.

7. <u>Effective Date</u>. This Agreement is effective as of July 3rd, 2013.

8. <u>Recording</u>. Within seven days after the date of this Agreement, Mortgagee must file this Agreement with the County Recorder, Hennepin County, Minnesota.

9. <u>Mailing Addresses</u>. The names and mailing addresses of Mortgagor and Mortgagee are as follows:

<u>Mortgagor</u>:

2

CJC Atlanta, LLC, Trustee for the 1318 Emerson Avenue North Revocable Trust
5115 Excelsior Blvd., #305
Minneapolis, MN 55416
Attention: Anthony Cox

Mortgagee:

Myers Executive Building, LLC
10333 – 188th Avenue Court E
Bonney Lake, WA 98391
Attention: Linda Youngberg

10. Counterparts. This Agreement may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original and all of which counterparts, taken together, shall constitute one and the same instrument.

**This portion intentionally left blank.**

3

IN WITNESS WHEREOF, the parties hereto have executed this Voluntary Foreclosure Agreement effective as of the date identified above and they intend to be bound hereby.

MORTGAGOR:

**1318 EMERSON AVENUE NORTH REVOCABLE TRUST**

By: CJC Atlanta, LLC, a Georgia Limited Liability Company, Trustee of the 1318 Emerson Avenue North Revocable Trust

By: _Anthony A. Cox - CJC Atlanta LLC_
      Anthony A. Cox
      Chief Manager, CJC Atlanta, LLC

STATE OF MINNESOTA     )
                        ) ss.
COUNTY OF HENNEPIN    )

The foregoing instrument was acknowledged before me this 3rd day of July, 2013, by Anthony A. Cox as Chief Manager of CJC Atlanta, LLC, a Georgia Limited Liability Company, Trustee for the 1318 Emerson Avenue North Revocable Trust, on behalf of the Trust.

NOTARIAL STAMP OR SEAL
CONNIE A BARTHEL
Notary Public
State of Minnesota
My Commission Expires
January 31, 2015

_ConnieaBarthel_
(Signature of notarial officer)
Title (and Rank): _Notary Public_
My commission expires: _Jan 31, 2015_

**CJC ATLANTA, LLC**

By: _Anthony A. Cox CJC Atlanta LLC_
      Anthony A. Cox
      Chief Manager, CJC Atlanta, LLC

STATE OF MINNESOTA    )
                    ) ss.
COUNTY OF HENNEPIN    )

    The foregoing instrument was acknowledged before me this 3rd day of July, 2013, by Anthony A. Cox as Chief Manager, **CJC ATLANTA, LLC**, a Georgia limited liability company, on behalf of the company.

NOTARIAL STAMP OR SEAL
CONNIE A BARTHEL
Notary Public
State of Minnesota
My Commission Expires
January 31, 2015

_Connie A Barthel_
(Signature of notarial officer)
Title (and Rank): Notary Public
My commission expires: Jan 31, 2015

5

**MORTGAGEE:**

**MYERS EXECUTIVE BUILDING, LLC**

By: _Linda Youngberg_
        Linda Youngberg, Managing Member

STATE OF WASHINGTON   )
                        ) ss.
COUNTY OF _Pierce_      )

This instrument was acknowledged before me this _1st_ day of July, 2013, by Linda Youngberg as Managing Member of **MYERS EXECUTIVE BUILDING, LLC**, a Washington Limited Liability Company, on behalf of the company.

NOTARIAL STAMP OR SEAL

NOTARY PUBLIC
STATE OF WASHINGTON
DEBORAH A. GARRISON
Commission Expires December 20, 2014

_Deborah A. Garrison_
(Signature of notarial officer)
Title (and Rank): _Notary_
My commission expires: _12-20-2014_

**THIS INSTRUMENT WAS DRAFTED BY:**
LINDQUIST & VENNUM, LLP (CRG)
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2274
Telephone: (612) 371-3211

6



Doc No A10001888

Certified, filed and/or recorded on
Sep 5, 2013 11:11 AM
Office of the County Recorder
Hennepin County, Minnesota
Martin McCormick, County Recorder
Mark V. Chapin, County Auditor and Treasurer

Deputy 22                              Pkg ID 1025789C

Doc Name: Sheriff's Certificate

| Document Recording Fee | $46.00 |
|---|---|
| Attested Copy or Duplicate Original | $2.00 |
| **Document Total** | **$48.00** |

This cover sheet is now a permanent part of the recorded document.

**Exhibit 2**

(RESERVED FOR RECORDING DATA)

## SHERIFF'S CERTIFICATE OF SALE

Date: September 3, 2013.

I, Richard W. Stanek, Sheriff of Hennepin County, Minnesota, certify that:

1. Pursuant to the attached Notice of Voluntary Mortgage Foreclosure Sale and the power of sale contained in the Mortgage described in the Notice, which Mortgage was dated September 7, 2011, and recorded in the office of the Hennepin County Recorder on September 23, 2011, as Document No. A9696346, executed by CJC Atlanta, LLC, as Trustee for the 1318 Emerson Avenue North Revocable Trust, as mortgagor, to Myers Executive Building, LLC, a Washington limited liability company, as mortgagee, I offered for sale and sold at public auction to the highest bidder at the time and place specified in the Notice, the property in Hennepin County, Minnesota.

2. The description of the property sold was:

**Legal Description:**

Lot 16, Block 23, Gale's Subdivisions in Sherburne and Beebe's Addition to Minneapolis, Hennepin County, Minnesota.

**Property Address:** 1318 Emerson Avenue North, Minneapolis, MN 55411

**Tax Parcel I.D. No.** 16-029-24-43-0190

3. The price paid for the property sold was $66,837.53.

4. The sale was held on September 3, 2013, at 10:00 a.m., in Room 30 of the Hennepin County Sheriff's Office – Civil Unit, Minneapolis City Hall, 350 South 5th Street, Minneapolis, Minnesota 55415 and the purchaser was: **Myers Executive Building, LLC, a Washington limited liability company**.

5. The interest rate in effect on the date of the sheriff's sale was 0%.

1

6.    The time allowed by law for redemption by Mortgagor or Mortgagor's personal representatives or assigns is two months after the date of the sale.

**Richard W. Stanek**
**Sheriff of Hennepin County**

By: _____ #183
Deputy Sheriff

STATE OF MINNESOTA    )
                      ) ss.
COUNTY OF HENNEPIN    )

On this 3rd day of September, 2013 before me, a Notary Public within and for said County, personally appeared _____Deputy Darryl Loken #183_____, to me known to be the Deputy Sheriff of said county, and the person described in, and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed as such Deputy Sheriff on behalf of Richard W. Stanek, Sheriff of Hennepin County, Minnesota.

_____
Notary Public

JESSI S. LOR
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan 31, 2017

2

**THIS INSTRUMENT DRAFTED BY:**
Christopher R. Grote (MN #0267995)
Lindquist & Vennum LLP
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 371-3211

**TAX STATEMENT TO BE SENT TO:**

Myers Executive Building, LLC
Attn: Linda Youngberg
10333 – 188th Avenue Court E.
Bonney Lake, WA 98391

This Foreclosure Record consists of the following attached documents:

| | | | |
|---|---|---|---|
| _X_ | Notice of Voluntary Mortgage Foreclosure Sale and Affidavit of Publication | ____ | Affidavit as to Federal Tax Lien(s) (if applicable) |
| ____ | Homestead Designation Notice | ____ | Affidavit as to State Tax Lien(s) (if applicable) |
| ____ | Separate Tract Designation Notice | _X_ | Affidavit Regarding Military Status |
| _X_ | Foreclosure: Advice to Tenants Notice | _X_ | Affidavit of Mailing Notice of Sale (if applicable) |
| ____ | Help for Homeowners in Foreclosure Notice | _X_ | Affidavit regarding Minn. Stat. §§ 580.021,580.04,580.041, 580.042, 582.039, 582.041 and 582.042 |
| _X_ | Affidavit(s) of Service or Vacancy | _X_ | Certificate of Assessor |
| _X_ | Affidavit of Costs and Disbursements | ____ | Other _____ |

3

# Affidavit of Publication

## NOTICE OF VOLUNTARY MORTGAGE FORECLOSURE SALE

YOU ARE NOTIFIED THAT:

1. Default has occurred in the conditions of the Mortgage dated September 7, 2011, and recorded in the office of the Hennepin County Recorder on September 23, 2011, as Document No. A9696346, executed by CJC Atlanta, LLC, as Trustee for the 1318 Emerson Avenue North Revocable Trust, as mortgagor, to Myers Executive Building, LLC, a Washington limited liability company, as mortgagee (the "Mortgage"). The land described in the Mortgage is not registered land.

2. The Mortgage has not been assigned.

3. The original principal amount secured by the Mortgage was: $75,000.00.

4. No action or proceeding at law is now pending to recover the debt secured by the Mortgage, or any part thereof.

5. The holder of the Mortgage has complied with all conditions precedent to acceleration of the debt secured by the Mortgage and foreclosure of the Mortgage, and all notice and other requirements of applicable statutes.

6. At the date of this notice the amount due on the Mortgage, and taxes, if any, paid by the holder of the Mortgage is: $86,637.53.

7. Pursuant to Minn. Stat. Sec. 582.32, and the Voluntary Foreclosure Agreement dated July 3, 2013, filed for record on July 9, 2013, in the office of the Hennepin County Recorder, as Document No. A09976280, the Mortgage will be foreclosed, and the land located in Hennepin County, Minnesota, described as follows:

Legal Description:

Lot 16, Block 23, Gale's Subdivisions in Sherburne and Beebe's Addition to Minneapolis, Hennepin County, Minnesota.

Property Address: 1318 Emerson Avenue North, Minneapolis, MN 55411

Tax Parcel I.D. No. 16-029-24-43-0190 will be sold by the County Sheriff of Hennepin County, Minnesota, at public auction on September 3, 2013 at 10:00 a.m., in Room 30 of the Hennepin County Sheriff's Office - Civil Unit, Minneapolis City Hall, 350 South 5th Street, Minneapolis, Minnesota 55415.

8. MORTGAGOR(S) RELEASED FROM FINANCIAL OBLIGATION ON THE MORTGAGE: NONE.

9. The time allowed by law for redemption by Mortgagor or Mortgagor's personal representatives or assigns is two months after the date of sale, except that if the real estate is subject to a federal tax lien under which the United States is entitled to a 120-day redemption period under section 7425(d)(1) of the Internal Revenue Code, as amended, the Mortgagor's redemption period is 120 days from the date of sale. Each holder of a junior lien may redeem in the order and manner provided in Minn. Stat. Sec. 582.32, subdivision 9, beginning after the expiration of the Mortgagor's redemption period under this section.

10. THE RIGHT TO VERIFICATION OF THE DEBT AND IDENTITY OF THE ORIGINAL CREDITOR WITHIN THE TIME PROVIDED BY LAW IS NOT AFFECTED BY THIS ACTION. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

11. Additional Foreclosure Data required by Minn. Stat. Sec. 580.025:

Mortgage Originator: Private Money Exchange, LLC.

Transaction Agent: Not Applicable.

Transaction Agent Mortgage Identification Number: Not Applicable.

Lender or Broker: Myers Executive Building, LLC.

Residential Mortgage Servicer: FCI Lender Services, Inc.

Dated: July 10, 2013

MYERS EXECUTIVE BUILDING, LLC
Mortgagee

LINDQUIST & VENNUM LLP
By: Christopher R. Grote
(MN #0267605)
Attorneys for Mortgagee
4200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 371-3211
(July 13, 20, 27,
August 3, 2013)          10353230

---

STATE OF MINNESOTA )
                                        ) SS.
COUNTY OF HENNEPIN )

**Description:**

1318 Emerson Ave N Minneapolis, MN 55411-3245

_____Amanda Dorn_____ , being duly sworn on oath say she/he is and during all times herein stated has been the publisher or the publishers designated agent in charge of the newspaper known as

# Finance and Commerce (MN)

and has full knowledge of the facts herein stated as follows:

(A) The newspaper has complied with all of the requirements constituting qualifications as a legal newspaper, as provided by Minnesota Satute 331A.02, and 331A.07, and other applicable laws, as amended.

(B) She/He further states on that the printed

| Trustee Sales |
|---|
| 10353230 |

hereto printed as part as it was printed and published there in the English language; that it was first so published on

_____July 13, 2013_____ for _____4_____ time(s).

the subsequent dates of publications being as follows:

7/13/2013     7/20/2013     7/27/2013     8/3/2013

And that the following is a printed copy of the lower case alphabet from A to Z, both inclusive, and is hereby acknowledged as being the size and kind of type used in the

X          abcdefghijklmnopqrstuvwxyz
              abcdefghijklmnopqrstuvwxyz

Subscribed and

Sworn to before me this  3rd  day of August, 2013

(Notarial Seal)    Notary Public, Hennepin County, Minnesota

SHAWNA RHEA SCHMITZ
Notary Public-Minnesota
My Commission Expires Jan 31, 2015

RATE INFORMATION:

1. Lowest classified rate paid by commercial users for comparable space:    $  16.0000

2. Maximum rate allowed by law for the above matter:    $  0.29236

3. Rate actually charged for the above matter:    $  0.2658

Myers Executive Building, LLC, a Washington limited liability company,

Tax Property I.D.: 16-029-24-43-0190

Mortgagee,

and

CJC Atlanta, LLC, et al,

Mortgagor's,

## AFFIDAVIT OF SERVICE

State of Minnesota )
) ss.
County of Hennepin )

Joel Solomonson, being first duly sworn, upon oath state: that on the 13th day of July, 2013, 7:48 AM, he served the attached:

**Notice of Voluntary Mortgage Foreclosure Sale (dated July 10, 2013); and**

**Foreclosure: Advice to Tenants Notice (yellow pastel paper),**

**Upon: CJC Atlanta, LLC,**

By leaving with an officer or agent expressly authorized to receive service of process, to-wit: Anthony A. Cox, its Chief Manager whom refused to accept papers in hand, at:1318 Emerson Ave. North, in the City of Minneapolis, County of Hennepin, State of Minnesota.

Joel Solomonson – Process Server

Subscribed and sworn to before me this

15th Day of July, 2013.

Signature of Notary Public or Court official

NOTARIAL STAMP OR SEAL



JUSTIN H LONGSTROM
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2014

Myers Executive Building, LLC, a Washington
limited liability company,

Tax Property I.D.: 16-029-24-43-0190

                    Mortgagee,

        and

CJC Atlanta, LLC, et al,

                    Mortgagor's,

# AFFIDAVIT OF SERVICE

State of Minnesota      )
                        ) ss.
County of Hennepin      )

Joel Solomonson, being first duly sworn, upon oath state: that on the 13th day of July, 2013, 7:48 AM, he
served the attached:

**Notice of Voluntary Mortgage Foreclosure Sale (dated July 10, 2013); and**

**Foreclosure: Advice to Tenants Notice (yellow pastel paper),**

**Upon: 1318 Emerson Avenue North Revocable Trust, by serving CJC Atlanta, LLC, as
Trustee**

By leaving with an officer or agent expressly authorized to receive service of process, to-wit: Anthony A. Cox,
its Chief Manager of CJC Atlanta, LLC, whom refused to accept papers in hand, at:1318 Emerson Ave. North,
in the City of Minneapolis, County of Hennepin, State of Minnesota.

Joel Solomonson – Process Server

Subscribed and sworn to before me this

15th Day of July, 2013.

Signature of Notary Public or Court official



NOTARIAL STAMP OR SEAL

JUSTIN R LONGSTROM
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2014

Myers Executive Building, LLC, a Washington
limited liability company,

Tax Property I.D.: 16-029-24-43-0190

        Mortgagee,

   and

CJC Atlanta, LLC, et al,

        Mortgagor's,

## AFFIDAVIT OF SERVICE
### UPON OCCUPANTS

State of Minnesota   )
               ) ss.
County of Hennepin  )

Joel Solomonson, being first duly sworn, upon oath state: that on the 13th day of July, 2013, 7:48 AM, he
served **7 complete sets** of the attached:

**Notice of Voluntary Mortgage Foreclosure Sale (dated July 10, 2013); and**

**Foreclosure: Advice to Tenants Notice (yellow pastel paper),**

**Upon: John Doe; Mary Roe and any other unknown occupants of subject property,**

By leaving copies at the usual place of their abode, at: 1318 Emerson Ave. North, in the City of Minneapolis,
County of Hennepin, State of Minnesota, by leaving with: Anthony A. Cox (refused to take hand delivery) a
person of suitable age and discretion then residing therein.

_____
Joel Solomonson – Process Server

Subscribed and sworn to before me this

15th Day of July, 2013.

_____
Signature of Notary Public or Court official



NOTARIAL STAMP OR SEAL

JUSTIN R LONGSTROM
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan 31, 2014

Myers Executive Building, LLC, a Washington limited liability company,

Tax Property I.D.: 16-029-24-43-0190

Mortgagee,

and

CJC Atlanta, LLC, et al,

Mortgagor's,

## AFFIDAVIT OF SERVICE
### UPON OCCUPANT

State of Minnesota )
) ss.
County of Hennepin )

Joel Solomonson, being first duly sworn, upon oath state: that on the 13th day of July, 2013, 7:48 AM, he served the attached:

**Notice of Voluntary Mortgage Foreclosure Sale** (dated July 10, 2013); and

**Foreclosure: Advice to Tenants Notice (yellow pastel paper),**

**Upon: Anthony A. Cox, occupant of subject property,**

By personally leaving copies with him (refused to accept in hand), at 1318 Emerson Ave. North, in the City of Minneapolis, County of Hennepin, State of Minnesota.

Joel Solomonson - Process Server

Subscribed and sworn to before me this

15th Day of July, 2013.

Signature of Notary Public or Court official



## NOTICE OF VOLUNTARY MORTGAGE FORECLOSURE SALE

**YOU ARE NOTIFIED THAT:**

1.     Default has occurred in the conditions of the Mortgage dated September 7, 2011, and recorded in the office of the Hennepin County Recorder on September 23, 2011, as Document No. A9696346, executed by CJC Atlanta, LLC, as Trustee for the 1318 Emerson Avenue North Revocable Trust, as mortgagor, to Myers Executive Building, LLC, a Washington limited liability company, as mortgagee (the "Mortgage"). The land described in the Mortgage is not registered land.

2.     The Mortgage has not been assigned.

3.     The original principal amount secured by the Mortgage was: $75,000.00.

4.     No action or proceeding at law is now pending to recover the debt secured by the Mortgage, or any part thereof.

5.     The holder of the Mortgage has complied with all conditions precedent to acceleration of the debt secured by the Mortgage and foreclosure of the Mortgage, and all notice and other requirements of applicable statutes.

6.     At the date of this notice the amount due on the Mortgage, and taxes, if any, paid by the holder of the Mortgage is: $66,837.53.

7.     Pursuant to Minn. Stat. Sec. 582.32, and the Voluntary Foreclosure Agreement dated July 3, 2013, filed for record on July 9, 2013, in the office of the Hennepin County Recorder, as Document No. A09976280, the Mortgage will be foreclosed, and the land located in Hennepin County, Minnesota, described as follows:

**Legal Description:**

Lot 16, Block 23, Gale's Subdivisions in Sherburne and Beebe's Addition to Minneapolis, Hennepin County, Minnesota.

**Property Address:** 1318 Emerson Avenue North, Minneapolis, MN 55411

**Tax Parcel I.D. No.** 16-029-24-43-0190

will be sold by the County Sheriff of Hennepin County, Minnesota, at public auction on September 3, 2013 at 10:00 a.m., in Room 30 of the Hennepin County Sheriff's Office -- Civil Unit, Minneapolis City Hall, 350 South 5th Street, Minneapolis, Minnesota 55415.

1

8. MORTGAGOR(S) RELEASED FROM FINANCIAL OBLIGATION ON THE MORTGAGE: NONE.

9. The time allowed by law for redemption by Mortgagor or Mortgagor's personal representatives or assigns is two months after the date of sale, except that if the real estate is subject to a federal tax lien under which the United States is entitled to a 120-day redemption period under section 7425(d)(1) of the Internal Revenue Code, as amended, the Mortgagor's redemption period is 120 days from the date of sale. Each holder of a junior lien may redeem in the order and manner provided in Minn. Stat. Sec. 582.32, subdivision 9, beginning after the expiration of the Mortgagor's redemption period under this section.

10. THE RIGHT TO VERIFICATION OF THE DEBT AND IDENTITY OF THE ORIGINAL CREDITOR WITHIN THE TIME PROVIDED BY LAW IS NOT AFFECTED BY THIS ACTION. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

11. Additional Foreclosure Data required by Minn. Stat. Sec. 580.025:

Mortgage Originator: Private Money Exchange, LLC.
Transaction Agent: Not Applicable.
Transaction Agent Mortgage Identification Number: Not Applicable.
Lender or Broker: Myers Executive Building, LLC.
Residential Mortgage Servicer: FCI Lender Services, Inc.

Dated: July 10, 2013

**Myers Executive Building, LLC**
**Mortgagee**

**LINDQUIST & VENNUM LLP**

By: _____
      Christopher R. Grote (MN #0267995)
Attorneys for Mortgagee
4200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 371-3211

2

# Foreclosure: Advice to Tenants

You are renting in a property that is in foreclosure. Minnesota law requires that we send you this notice about the foreclosure process. Please read it carefully.

The mortgage foreclosure does not change the terms of your lease. You and your landlord must continue to follow the terms of your lease, including the rights and responsibilities of you and your landlord. You must keep paying rent unless you have a legal reason to withhold it. Your landlord must keep the property repaired. Utilities must be paid under the terms of your lease or under state law.

Moving out of the property early might be a violation of your lease. The date of the sheriff's foreclosure sale is in the attached foreclosure notice. In most cases you do not need to move from the property before the sheriff's foreclosure sale. Read your lease to see if it says anything about foreclosure and about the rights you may have if the property is in foreclosure. If you have a month-to-month lease, the foreclosure notice does not change the rules for ending your lease. You and your landlord must still give legal notice to end your lease.

In most cases, your landlord has six months after the date of the sheriff's foreclosure sale to pay off the mortgage. This is called the "redemption period." Read the attached foreclosure notice to determine the length of the redemption period. You cannot be asked to move during the redemption period except for lease violations or if your lease expires during the redemption period. If your landlord stops the foreclosure, you may not have to move from the property. If your landlord does not stop the foreclosure, there will be a new owner of the property at the end of the redemption period.

The new owner may have the legal right to ask you to move even if your lease is not over. But, the new owner must still give you a written notice stating that the new owner wants you to move.

1

Do not wait to get information about foreclosure. Mortgage foreclosure is a complicated process. It is important you learn about your rights as a renter when there is a mortgage foreclosure. You may have fewer options if you wait too long. There are government agencies and nonprofit organizations that you may contact for helpful information about the foreclosure process. For the name and telephone number of an organization near you, please call the legal aid office or bar association office in your county. You also can find information on tenant rights at HOME Line at (866) 866-3546 and Law Help Minnesota at http://www.LawHelpMN.org. The state of Minnesota does not guarantee the advice of these agencies and organizations.

DOCS-#2709621-v1

# AFFIDAVIT OF COSTS AND DISBURSEMENTS

STATE OF MINNESOTA    )
                      ) ss.
COUNTY OF HENNEPIN    )

I, Christopher R. Grote, being duly sworn on oath, say that I am an attorney foreclosing the Mortgage described in the Sheriff's Certificate of Sale to which this affidavit is attached.

That the following is a detailed bill of the costs and disbursements of the foreclosure that have been absolutely and unconditionally paid or incurred:

| | | |
|---|---|---|
| 1. | Statutory attorneys' fees for foreclosure | $730.00 |
| 2. | Title evidence and searches | $194.00 |
| 3. | Fees for filing Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage, Short Form Agreement for Voluntary Foreclosure and Sheriff's Certificate of Sale | $144.00 |
| 4. | Fees for postage, FedEx, copies and couriers | $144.84 |
| 5. | Printer's fee for publishing Notice of Mortgage Foreclosure Sale | $428.93 |
| 6. | Fees for serving Notice of Mortgage Foreclosure Sale | $110.50 |
| 7. | Sheriff's Fee for conducting foreclosure sale | $70.00 |

TOTAL:                    $1,822.27

Christopher R. Grote

Subscribed and sworn to before me
this 29th day of August, 2013.

Notary Public

ROGER W. ZOPFI
Notary Public
Minnesota
My Commission Expires January 31, 2016

**THIS INSTRUMENT DRAFTED BY:**
David A. Meyer (MN #0267995)
Lindquist & Vennum LLP
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 371-3211

2

## AFFIDAVIT REGARDING MILITARY STATUS

STATE OF MINNESOTA  )
                    ) ss.
COUNTY OF HENNEPIN  )

Christopher R. Grote, being duly sworn on oath, says:

1.      I know the facts relating to the military service status of:

CJC Atlanta, LLC, as Trustee for the 1318 Emerson Avenue North
Revocable Trust,

who was the owner at the time of sale of the mortgaged property described in the Sheriff's
Certificate of Sale to which this affidavit is attached.

2.      That said owner is a Revocable Trust and not an individual, and as such, could not
be in military service on the date of the foreclosure sale or for nine months prior to the sale.

_____
Christopher R. Grote

Subscribed and sworn to before me
this 29th day of August, 2013.

_____
Notary Public

ROGER W. ZOPFI
Notary Public
Minnesota
My Commission Expires January 31, 2016

**THIS INSTRUMENT DRAFTED BY:**
Christopher R. Grote (MN #0267995)
Lindquist & Vennum LLP
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 371-3211

## AFFIDAVIT OF MAILING NOTICE OF SALE
## TO PERSON(S) REQUESTING NOTICE

STATE OF MINNESOTA )
                         ) ss.
COUNTY OF HENNEPIN )

Christopher R. Grote, being duly sworn on oath, says:

1.     I am the person foreclosing the Mortgage described in the Notice of Voluntary Mortgage Foreclosure Sale to which this Affidavit is attached, or that person's attorney, or someone having knowledge of the facts.

2.     A copy of the Notice of Voluntary Mortgage Foreclosure Sale was mailed to each of the following parties in accordance with Minn. Stat. §580.032, 582.032 and/or 582.32.

| Name | Date of Mailing |
|------|-----------------|
| Prairie Capital, Inc. | July 12, 2013 |
| Christensen Law Office PLLC | July 16, 2013 |



Christopher R. Grote

Subscribed and sworn to before me
this 29th day of August, 2013.

Notary Public

ROGER W. ZOPFI
Notary Public
Minnesota
My Commission Expires January 31, 2016

**THIS INSTRUMENT DRAFTED BY:**
Christopher R. Grote (MN #0267995)
Lindquist & Vennum LLP
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 371-3211

## AFFIDAVIT REGARDING MINN. STAT. §§ 580.021, 580.04, 580.041, 580.042, 582.039, 582.041 AND 582.042

STATE OF MINNESOTA    )
                         ) ss.
COUNTY OF HENNEPIN    )

        Christopher R. Grote, being duly sworn on oath, says:

1.     That he is an attorney representing the party foreclosing the mortgage described in the Sheriff's Certificate of Sale to which this affidavit is attached;

2.     That Minnesota Statutes 580.021, 580.041, 582.039, 582.041 and 582.042 do not apply to the foreclosure proceeding described in the Sheriff's Certificate of Sale to which this affidavit is attached; and

3.     That Minnesota Statutes 580.04 and 580.042 do apply to the foreclosure proceeding described in the Sheriff's Certificate of Sale to which this affidavit is attached and that all notices required under said statutes have been provided.

_____
Christopher R. Grote

Subscribed and sworn to before me
this 29th day of August, 2013.

_____
Notary Public

ROGER W. ZOPFI
Notary Public
Minnesota
My Commission Expires January 31, 2016

**THIS INSTRUMENT DRAFTED BY:**
Christopher R. Grote (MN# 0267995)
Lindquist & Vennum LLP
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 371-3211

# CERTIFICATE OF ASSESSOR

**PLEASE TAKE NOTICE,** that the undersigned, being the Assessor of the City of Minneapolis, Minnesota, hereby certifies that the following described real property as of July 3, 2013, was not in agricultural use as defined in Minnesota Statute § 40A.02, Subd. 3, and is not a homestead for property tax purposes under Minn. Stat. § 273.124:

**Assessment year:** 2013

**Address:** 1318 Emerson Avenue North, Minneapolis, MN 55411

**PIN Number:** 16-029-24-43-0190

**Legal Description:**

Lot 16, Block 23, Gale's Subdivisions in Sherburne and Beebe's Addition to Minneapolis, Hennepin County, Minnesota.

This Certificate is being executed pursuant to Minn. Stat. § 582.32, Subd. 3(d).

**IN WITNESS WHEREOF,** the Assessor for the City of Minneapolis, Minnesota has executed this Certificate as of the day and year written below.

ASSESSOR
CITY OF MINNEAPOLIS

By _____

Patrick Todd, City Assessor

DOCS-#3923005-v1

STATE OF MINNESOTA )
                           ) ss.
COUNTY OF HENNEPIN )

      The foregoing instrument was acknowledged before me this 31ˢᵗ day of July, 2013, by Patrick Todd, the Assessor of the City of Minneapolis, Minnesota.

                                                      Notary Public

DENNIS P. KAMMERER
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2016

**THIS DOCUMENT WAS DRAFTED BY**:

LINDQUIST & VENNUM, LLP (CRG)
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 371-3211

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

HOUSING COURT DIVISION

| | |
|---|---|
| Myers Executive Building, LLC,<br><br>       Plaintiff,<br><br>vs.<br><br>CJC Atlanta, LLC, as Trustee for the 1318 Emerson Avenue North Revocable Trust, CJC Atlanta, LLC, and Anthony A. Cox,<br><br>       Defendants. | Court File No. _____<br><br><br>**AFFIDAVIT OF LINDA YOUNGBERG, MANAGING MEMBER, MYERS EXECUTIVE BUILDING, LLC** |

STATE OF WASHINGTON )
               ) ss.
COUNTY OF PIERCE   )

LINDA YOUNGBERG, being first duly sworn upon oath, deposes and states as follows:

1.    I am the Managing Member of Myers Executive Building, LLC ("Myers"), the Plaintiff in the above action.

2.    Myers holds a Sheriff's Certificate of Sale dated September 3, 2013 and recorded in the Office of the County Recorder, Hennepin County, Minnesota on September 5, 2013 as Document No. A10001888 regarding real property located at 1318 Emerson Avenue North, Minneapolis, MN 55411 (the "Property").

3.    The fee owner of the Property was the 1318 Emerson Avenue North Revocable Trust (the "Trust"). CJC Atlanta, LLC ("CJC" and "Trustee") is the Trustee of the Trust. Anthony A. Cox ("Cox") is the Chief Manager of CJC. Cox resides at the Property.

4.    The period for redemption from the Sheriff's Sale of the Property terminated on November 4, 2013. No one redeemed.

**EXHIBIT 3**

5.     Pursuant to a Settlement Agreement and Release and a Stipulation for Writ of Recovery and Order, both dated July 3, 2013, between the Trust, Trustee, CJC, Cox and Myers, if no one redeemed the Property from the Sheriff's Sale, the Trust, Trustee, CJC and Cox were to vacate the Property on or before November 5, 2013.

6.     The Trust, Trustee, CJC and Cox have not vacated the Property as so required.

FURTHER YOUR AFFIANT SAITH NOT.

_____
Linda Youngberg

Subscribed and sworn to before me
this ___ day of _November_ , 2013.

_____
Notary Public

CRYSTAL VORE
NOTARY PUBLIC
STATE OF IDAHO

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Case No. 13-44261 (MER)

      Anthony A. Cox,

Chapter 7

               Debtor.

Judge Michael E. Ridgway

## CERTIFICATE OF SERVICE

Carmel Funk, of the City of St. Paul, County of Ramsey, State of Minnesota, states that on November 7, 2013 she served the following documents:

1.     Notice of Hearing and Motion for Relief from Automatic Stay;

2.     Memorandum of Law in Support of Motion for Order Granting Relief from Automatic Stay**;**

3.     Affidavit of Linda Youngberg in Support of Motion for Relief from Stay;

4.     Order Granting Relief from the Automatic Stay; and

5.     Certificate of Service

Upon:

    ANTHONY A COX
    5115 EXCELSIOR BLVD STE 305
    MINNEAPOLIS, MN 55416

via U.S. Mail to the addresses listed above and electronically by Notice of Electronic Filing upon all parties below who have requested service in these cases by filing the same via ECF with the Bankruptcy Court in the District of Minnesota.

- Daniel M Eaton     dan@clawoffice.com, danielle@clawoffice.com;teri@clawoffice.com

- Brian Leonard     bleonard@losgs.com, mn03@ecfcbis.com

- US Trustee     ustpregion12.mn.ecf@usdoj.gov

                             /e/ Carmel Funk
                             Carmel Funk

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Case No. 13-44261 (MER)

    Anthony A. Cox,

Chapter 7
           Debtor.
Judge Michael E. Ridgway

**ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

This matter was noticed for hearing on November 21, 2013, on the Motion For Relief From Automatic Stay. Appearances were as noted on the record unless the Motion was granted without a hearing pursuant to Bankruptcy Rule 4001(d). Based on the arguments of counsel, moving documents, the record made at any hearing, and the Court's findings of fact and conclusions of law, if any, having been recorded in open court following the close of evidence,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The automatic stay imposed by 11 U.S.C. § 362 is hereby terminated and not in effect as to any possessory interest or any other interest claimed by the Debtor in the real property owned by Myers Executive Building, LLC, commonly referred to as 1318 Emerson Avenue North, Minneapolis, MN and legally described as Lot 16, Block 23, Gale's Subdivisions in Sherburne and Beebe's Addition to Minneapolis, Hennepin County, Minnesota (the "Property").

3.      That Myers Executive Building, LLC and its successors and/or assigns may exercise any and all rights and remedies under applicable nonbankruptcy law to enforce its rights

with respect to the above property, including, without limitation, such actions as may be necessary and proper to obtain actual possession and control of such property in accordance with Minnesota laws.

4. This order shall take effect immediately upon entry and shall not be stayed by operation of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.


Dated: _____

_____
Michael E. Ridgeway
United States Bankruptcy Judge

DOCS-#3975944-v1